IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMED ELGHOULAYMI, MESRA HAJAR and FEZOUI KAMEL, <br><br>        Plaintiffs, <br><br>  v. <br><br> HLKZ, Inc. d/b/a Salam Restaurant., and ALLA BLAN, individually <br><br>        Defendants. | |

**VERIFIED COMPLAINT FOR DAMAGES FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*
AND THE ILLINOIS MINIMUM WAGE LAW 820 ILCS 105/1, *ET SEQ***

  Plaintiffs MOHAMED ELGHOULAYMI, MESRA HAJAR and FEZOUI KAMEL, by and through their attorneys Aaron B. Maduff and Walker R. Lawrence of Maduff & Maduff LLC, for their Complaint against Defendants HLKZ, Inc. d/b/a Salam Restaurant., and ALLA BLAN, individually, allege and state as follows:

**I.  INTRODUCTION**

  1.  Defendants have deliberately paid Plaintiffs less than their Arab Colleagues at the Defendant's Middle Eastern restaurant. All three Plaintiffs are of North African Descent and each received hourly wages less than that required by the Federal and State Minimum Wage laws, were never paid overtime, and had tips taken from them by their manager. Plaintiffs bring this lawsuit to enforce the minimum wage laws and to recover unpaid overtime pay. The Defendants actions are willful.

1

**II.     PARTIES**

2.     Plaintiff MOHAMED ELGHOULAYMI, (hereinafter "Plaintiff Mohamed" or "Mohamed") is a resident of the state of Illinois, residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Mohamed was an "employee" of Defendants within the definitions of §3(e) of the FLSA, 29 U.S.C. §203(e) and §3(d) of the IMWL, 820 ILCS 105/3(d). At no time during his employment did Plaintiff Mohamed qualify as exempt.

3.     Plaintiff MESRA HAJAR (hereinafter "Plaintiff Hajar" or "Hajar") is a resident of the state of Illinois, residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Hajar was an "employee" of Defendants within the definitions of §3(e) of the FLSA, 29 U.S.C. §203(e) and §3(d) of the IMWL, 820 ILCS 105/3(d). At no time during her employment did Plaintiff Hajar qualify as exempt.

4.     Plaintiff FEZOUI KAMEL, (hereinafter "Plaintiff Kamel" or "Kamel") is a resident of the state of Illinois, residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Mohamed was an "employee" of Defendants within the definitions of §3(e) of the FLSA, 29 U.S.C. §203(e) and §3(d) of the IMWL, 820 ILCS 105/3(d). At no time during his employment did Plaintiff Kamel qualify as exempt.

5.     Defendant HLKZ, Inc. d/b/a Salam Restaurant (hereinafter "Defendant Salam"), is a corporation licensed in Illinois and dong business within the territorial limits of United States District Court for the Northern District of Illinois, Eastern Division. Defendant Salam is and was at all times relevant to this Complaint an employer within the

definitions of §3(d) of the FLSA, 29 U.S.C. §203(d) and §3(c) of the IMWL, 820 ILCS 105/3(c).

6. Defendant Alla Blan (hereinafter "Defendant Blan") is President of Defendant Salam and resides within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant Blan is and was at all times relevant to this Complaint an employer within the definitions of §3(d) of the FLSA, 29 U.S.C. §203(d) and §3(c) of the IMWL, 820 ILCS 105/3(c).

### III. CONDITIONS PRECEDENT

7. Plaintiffs performed all conditions precedent to their employment with Defendant to receive the payment of their overtime wages.

### IV. JURISDICTION

8. This Court has jurisdiction under §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims under §1367 of the Judicial Code, 28 U.S.C. §1367.

### V. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, all Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

### VI. EVENTS

**Plaintiff Mohamed Elghoulaymi**

10. Plaintiff Mohamed Elghoulaymi worked for Defendants as a waiter from April, 2014 through November 2014.

11. Defendants paid Plaintiff Elghoulaymi an hourly rate of $2.00 per hour plus tips.

12. Plaintiff Elghoulaymi's tips were capped at $25.00 per table. Any tip in excess of $25.00 was taken by the Defendant.

13. Plaintiff Elghoulaymi was never informed that any part of his wage would be covered by a tip credit.

14. Defendants regularly required Plaintiff Elghoulaymi to work 52.00 hours per week.

15. Defendants paid Plaintiff Elghoulaymi straight time for all hours worked, including those hours worked in excess of 40 without paying any overtime premiums.

16. Through the course of his employment, to the best of his knowledge and belief, Plaintiff Elghoulaymi worked approximately 1,560.00 hours of which 360.00 hours were overtime (52 hours x 30 work weeks).

17. To the best of his knowledge and belief he was only paid $104.00 per week by Defendants.

18. Based on a minimum wage of $8.25 per hour he should have received at a minimum $478.50 per week. Including liquidated damages and the 2% interest (which continues to accrue) Plaintiff Elghoulaymi believes he is entitled to at least $14,768.26 plus attorneys' fees and costs.

**Mesra Hajar**

19. Plaintiff Mesra Hajar worked for Defendants as a waitress and maitre d' at the Defendants' Restaurant from May, 2014 to October 2014.

20. Defendants paid Plaintiff Hajar an hourly rate of $2.00 per hour plus tips when she worked as a waitress and $5.00 per hour as a maitre d'.

21. Plaintiff Hajar's tips were capped at $25.00 per table. Any tip in excess of $25.00 was taken by the Defendant.

22. Plaintiff Hajar was never informed that any part of her wages would be covered by a tip credit.

23. Defendants regularly required Plaintiff Hajar to work 57.00 hours per week.

24. Defendants paid Plaintiff Hajar straight time for all hours worked including those worked in excess of 40 without paying any overtime premiums.

25. Through the course of her employment, to the best of her knowledge and belief, Plaintiff Hajar worked approximately 1,368.00 hours of which 408.00 hours were overtime (57 hours x 24 work weeks).

26. To the best of her knowledge and belief she was only paid $114.00 per week by Defendants.

27. Based on a minimum wage of $8.25 per hour she should have received at a minimum $540.38 per week. Including liquidated damages and the 2% interest (which continues to accrue) Plaintiff Hajar believes she is entitled to at least $20,087.06 plus attorneys' fees and costs.

**Fezoui Kamel**

28. Plaintiff Fezoui Kamel worked for Defendants as a cook at the Defendants' Restaurant from June, 2014 to September 2014.

29. Defendants paid Plaintiff Kamel an hourly rate of $7.00 per hour.

30. Defendants regularly required Plaintiff Kamel to work 50.00 hours per week.

31. Defendants paid Plaintiff Kamel straight time for all hours worked including those hours worked in excess of 40 without paying any overtime premiums.

32. Through the course of his employment, to the best of his knowledge and belief, Plaintiff Kamel worked approximately 600.00 hours of which 120.00 hours were overtime (50 hours x 12 work weeks).

33. To the best of his knowledge and belief he was only paid $350.00 per week by Defendant.

34. Based on a minimum wage of $8.25 per hour he should have received at a minimum $453.75 per week. Including liquidated damages and the 2% interest (which continues to accrue) Plaintiff Kamel believes he is entitled to at least $1,973.51 plus attorneys' fees and costs.

## COUNT I

### DEMAND FOR RELIEF FOR FAILURE TO PAY ILLINOIS' MINIMUM WAGE IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW 820 ILCS 105/4 AGAINST ALL DEFENDANTS

35. Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel restate and reallege paragraphs 1 – 34 of this Complaint as paragraph 35 of this Count I.

36. By virtue of the foregoing, Defendants violated the Illinois Minimum Wage Law 820 ILCS 105/4 by failing to pay Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel the required minimum wages for all hours worked.

37. As a result of these violations, Plaintiff Elghoulaymi suffered pecuniary losses in the amount of at least $9,750.00.

38. As a result of these violations, Plaintiff Hajar suffered pecuniary losses in the amount of at least $8,550.00.

39. As a result of these violations, Plaintiff Kamel suffered pecuniary losses in the amount of at least $750.00.

40. Defendants were aware that the IMWL applied to them or showed reckless disregard as to whether or not IMWL applied to them, and their violations were willful and wanton, warranting the imposition of punitive damages.

WHEREFORE, MOHAMED ELGHOULAYMI, MESRA HAJAR and FEZOUI KAMEL respectfully request that this Court:

(1) Order Defendants to produce all records of all hours worked by Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel and of all compensation received by them during the term of their employment;

(2) Enter judgment in favor of Plaintiff Elghoulaymi and against Defendants in the amount of $9,750.00 for the Defendants' failure to pay the minimum wage, plus punitive damages pursuant to statute;

(3) Enter judgment in favor of Plaintiff Hajar and against Defendants in the amount of $8,550.00 for the Defendants' failure to pay the minimum wage, plus punitive damages pursuant to statute;

(4) Enter judgment in favor of Plaintiff Kamel and against Defendants in the amount of $750.00 for the Defendants' failure to pay the minimum wage, plus punitive damages pursuant to statute;

(5) Enter judgment against Defendants for Plaintiff Elghoulaymi's, Plaintiff Hajar's, Plaintiff Kamel's reasonable attorneys' fees, expenses, and the costs of this action; and

(6) Award Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel such other and further relief as this Court deems just and equitable.

## COUNT II

### DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME PREMIUMS IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW 820 ILCS 105/4(A) AGAINST ALL DEFENDANTS

41. Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel restates and realleges paragraphs 1 – 34 of this Complaint as paragraph 41 of this Count I.

42. By virtue of the foregoing, Defendants violated the Illinois Minimum Wage Law 820 ILCS 105/4(a) by failing to pay Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel overtime for all hours worked in excess of 40 hours per week.

43. As a result of these violations, Plaintiff Elghoulaymi suffered pecuniary losses in the amount of at least $ 1,485.00

44. As a result of these violations, Plaintiff Hajar suffered pecuniary losses in the amount of at least $ 1,683.00.

45. As a result of these violations, Plaintiff Kamel suffered pecuniary losses in the amount of at least $ 495.00.

46. Defendants were aware that the IMWL applied to them or showed reckless disregard as to whether or not IMWL applied to them, and their violations were willful and wanton, warranting the imposition of punitive damages.

WHEREFORE, MOHAMED ELGHOULAYMI, MESRA HAJAR and FEZOUI KAMEL respectfully request that this Court:

(1) Order Defendants to produce all records of all hours worked by Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel and of all compensation received by them during the term of their employment;

(2) Enter judgment in favor of Plaintiff Elghoulaymi and against Defendants in the amount of $1,485.00 for the Defendants' failure to pay overtime, plus punitive damages pursuant to statute;

(3) Enter judgment in favor of Plaintiff Hajar and against Defendants in the amount of $1,683.00 for the Defendants' failure to pay overtime, plus punitive damages pursuant to statute;

(4) Enter judgment in favor of Plaintiff Kamel and against Defendants in the amount of $495.00 for the Defendants' failure to pay overtime, plus punitive damages pursuant to statute;

(5) Enter judgment against Defendants for Plaintiff Elghoulaymi's, Plaintiff Hajar's, Plaintiff Kamel's reasonable attorneys' fees, expenses, and the costs of this action; and

(6) Award Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel such other and further relief as this Court deems just and equitable.

**COUNT III**

## DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME PREMIUMS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET SEQ.* AGAINST ALL DEFENDANTS

47. Plaintiffs restate and reallege paragraphs 1-34 of this Complaint as paragraph 47 of this Count III.

48. By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, by failing to pay Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel overtime for all hours worked in excess of 40 hours per week.

49. As a result of these violations, Plaintiff Elghoulaymi suffered pecuniary losses in the amount of at least $ 1,305.00

50. As a result of these violations, Plaintiff Hajar suffered pecuniary losses in the amount of at least $ 1,479.00

51. As a result of these violations, Plaintiff Kamel suffered pecuniary losses in the amount of at least $ 435.00.

52. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not FLSA applied to them, and their violations were willful and wanton, warranting the imposition of a three-year statute of limitations.

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1) Order Defendant to produce all records of all hours worked by Plaintiffs and of all compensation received by them for the period commencing 3 years prior to the filing of the complaint;

(2) Enter judgment in favor of Plaintiff Elghoulaymi and against Defendants in

       the amount of $1,305.00 for the Defendants' failure to pay overtime, plus liquidated damages in an equal amount;

(3)    Enter judgment in favor of Plaintiff Hajar and against Defendants in the amount of $1,479.00 for the Defendants' failure to pay overtime, plus liquidated damages in an equal amount;

(4)    Enter judgment in favor of Plaintiff Kamel against Defendants in the amount of $435.00 for the Defendants' failure to pay overtime, plus liquidated damages in an equal amount;

(5)    Enter judgment against Defendants for Plaintiffs' reasonable attorney's fees, expenses, and the costs of this action; and

(6)    Award Plaintiffs such other and further relief as this Court deems just and equitable.

**COUNT IV**

**DEMAND FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGE
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. § 201 *ET SEQ.*
AGAINST ALL DEFENDANTS**

53.    Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel restates and realleges paragraphs 1 – 34 of this Complaint as paragraph 53 of this Count I.

54.    By virtue of the foregoing, Defendants violated the Fair Labor Standards Act 29 U.S.C. §206 by failing to pay Plaintiff Elghoulaymi, Plaintiff Hajar, and Plaintiff Kamel minimum wage for all hours worked.

55. As a result of these violations, Plaintiff Elghoulaymi suffered pecuniary losses in the amount of at least $ 8,190.00.

56. As a result of these violations, Plaintiff Hajar suffered pecuniary losses in the amount of at least $ 7,182.00.

57. As a result of these violations, Plaintiff Kamel suffered pecuniary losses in the amount of at least $ 150.00.

58. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not FLSA applied to them, and their violations were willful and wanton, warranting the imposition of punitive damages.

WHEREFORE, MOHAMED ELGHOULAYMI, MESRA HAJAR and FEZOUI KAMEL respectfully request that this Court:

(1) Order Defendants to produce all records of all hours worked by Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel and of all compensation received by them during the term of their employment;

(2) Enter judgment in favor of Plaintiff Elghoulaymi and against Defendants in the amount of $8,190.00 for the Defendants' failure to pay minimum wage, plus liquidated damages in an equal amount;

(3) Enter judgment in favor of Plaintiff Hajar and against Defendants in the amount of $7,182.00 for the Defendants' failure to pay minimum wage, plus liquidated damages in an equal amount;

(4) Enter judgment in favor of Plaintiff Kamel and against Defendants in the amount of $150.00 for the Defendants' failure to pay minimum wage, plus liquidated damages in an equal amount;

(5) Enter judgment against Defendants for Plaintiff Elghoulaymi's, Plaintiff Hajar's, Plaintiff Kamel's reasonable attorneys' fees, expenses, and the costs of this action; and

(6) Award Plaintiff Elghoulaymi, Plaintiff Hajar, Plaintiff Kamel such other and further relief as this Court deems just and equitable.

Respectfully submitted

By: /s/Walker R. Lawrence
One of Plaintiffs' attorneys

Aaron B. Maduff, #06226932
Walker R. Lawrence, #6296405
Maduff & Maduff, LLC
205 N. Michigan Ave., Suite 2050
Chicago, IL 60601
Telephone: (312) 276-9000

## **VERIFICATION**

By signing this Complaint, I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this _18_ day of _Feb_, 2015

By: _____
MOHAMED ELGHOULAYMI

## VERIFICATION

By signing this Complaint, I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 17 day of 02, 2015

By: _____
MESRA HAJAR

## **VERIFICATION**

By signing this Complaint, I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 18 day of 02, 2015

By: _____
FEZOUI KAMEL